986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles J. CZEMERYNSKI, Plaintiff-Appellant,
v.
Bill WILSON, Superintendent of the Centennial Correctional
Facility; Carlos Baca, Assistant Superintendent of the
Centennial Correctional Facility; Lieutenant Mormon,
Lieutenant of the Centennial Correctional Facility; and
Officer Strong, Control Center Operator of the Centennial
Correctional Facility, Defendants-Appellees.
 No. 92-1283.
 United States Court of Appeals, Tenth Circuit.
 Feb. 16, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Czemerynski, a state inmate, commenced a pro se § 1983 action against several penitentiary officials. The district court held the action was barred by the applicable state statute of limitations. Mr. Czemerynski, while confined in a Colorado penitentiary, was stabbed fifteen times by a fellow inmate on April 13, 1986. Mr. Czemerynski commenced his suit on April 22, 1992, approximately six years later, alleging the defendants could have prevented the stabbing and their failure to do so constituted a constitutional violation.
 
 
 3
 The applicable statute of limitations in a § 1983 action is that of the state in which the federal court is located. Board of Regents v. Tomanio, 446 U.S. 478, 483-84 (1980). In this case, the state law to be applied is that of Colorado. The then existing statute of limitations was Colo.Rev.Stat. § 13-80-108(1)(b) (1973), which provided the action must be brought within three years after the cause of action accrued. See McKay v. Hammock, 730 F.2d 1367, 1370 (1984).
 
 
 4
 Mr. Czemerynski concedes the applicability of this law but asserts: (1) as he was in prison he was under a legal disability; (2) he was barred from timely commencing this action due to his fear of retaliation by prison officials; (3) the statute of limitations does not apply as the prison officials knew of the risks of assault and took no action to prevent it; and (4) the trial court should have dismissed the action without prejudice with each party to pay their own costs.
 
 
 5
 Mr. Czemerynski cites several cases holding an inmate is under a legal disability. These cases are not applicable as all involve Kansas law. Colorado law has no provision tolling a statute of limitations for inmates.
 
 
 6
 Mr. Czemerynski's fears of retaliation are insufficient to toll the statute of limitations. Mr. Czemerynski filed an affidavit stating he is "a sanctioned inmate representative" and he has personal knowledge of incidents that he would testify about at an evidentiary hearing. Conclusory allegations are insufficient. Claims of retaliation must assert something more than fear and must allege specific incidents involving who, what, when, and where.
 
 
 7
 Mr. Czemerynski's remaining contentions merit no discussion.
 
 
 8
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3